UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. K15LS02510 §§§§<br><br>*Plaintiffs,* §§<br><br>v. §§<br><br>BEST STORAGE, INC. §§<br><br>*Defendant.* § | CIVIL ACTION NO. 4:19-cv-4173 |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**AND REQUEST FOR DECLARATORY JUDGMENT**

Plaintiffs Certain Underwriters at Lloyd's, London Subscribing to Policy No. K15LS02510 ("Underwriters"), pursuant to 28 U.S.C. §§ 2201, 2202 and Federal Rule of Civil Procedure 57, file this Original Complaint and Request for Declaratory Judgment against Defendant Best Storage, Inc. Plaintiffs seek a declaratory judgment that no coverage payment is owed under Policy No. K15LS02510 for Defendant's property damage claim.

**I. PARTIES**

1.     Plaintiffs are Certain Underwriters at Lloyd's, London Subscribing to Policy No. K15LS02510. Plaintiffs are underwriting syndicates incorporated and domiciled in the United Kingdom, with their principal place of business in London, England, United Kingdom.

2.     Defendant Best Storage, Inc. is Texas Corporation with its principal place of business in Harris County, Texas. Defendant can be served through its registered agent Charles S Turet, Jr. at 9225 Katy Freeway, Suite 250, Houston, TX 77024.

## II.     JURISDICTION AND VENUE

3. This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(2) because Underwriters are citizens of a London, England, United Kingdom and Defendants are citizens of Texas, United States of America. The amount in controversy exceeds $75,000, excluding interest and costs as Defendant alleges they are owed more than $2,632,396.90 in damages related to the claim made the basis of this action.

4. This action for a declaratory judgment is brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and Federal Rule of Civil Procedure 57.

5. Venue is proper in the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(1) because Defendant's principal place of business is in this judicial district.

## III.     STATEMENT OF FACTS

6. Underwriters wrote commercial property policy number K15LS02510, issued to Defendant, which provides property coverage for Defendant's buildings located at 1600 E. General Cavazos Blvd., Kingsville, Texas, for the period 13 January 2016 to 13 January 2017.

7. Defendant is in the self-storage business. The insured buildings are several storage buildings with metal roofs.

8. On July 24, 2018, Defendant reported hail damage to the roofs of the storage buildings that allegedly occurred over two years earlier on or around May 31, 2016.

9. Underwriters investigated the claim, but cannot determine with any precision when all of the damages occurred. While some hail damage was noted, the expert that was hired by Underwriters to investigate the claim could only state that he could not rule out that some of the damage occurred on May 31, 2016, meaning it could have occurred on May 31, 2016 or one of the other days hail may fell on the insured property outside the coverage period.

10. Any damage Underwriters could confirm occurred on May 31, 2016 were less than the Insured's deductible, so no payment was issued. Underwriters are not able to determine if the remaining damage occurred within the Policy period.

11. On May 14, 2019, an attorney representing the Defendant sent correspondence to Underwriters alleging $2,632,396.90 in damages, including $732,238.36 in property damage allegedly caused by the May 21, 2016 hail storm.

### IV.   DECLARATORY JUDGMENT ACTION

12. Underwriters incorporate by reference paragraphs 1-13 of this complaint.

13. Policy number K15LS02510 includes policy form CP 00 10 04 02 Building and Personal Property Form.  Section E, Loss Conditions, provides the following condition

> **Conditions**
> \*\*\*
> 2. Notification of Claims
>
> The Assured, upon knowledge of any occurrence likely to give rise to a claim hereunder, shall give immediate written advice thereof to the person(s) or Firm named for that purpose in the Schedule.

14. Defendants breached the notice condition because they failed to report damage which allegedly occurred on May 31, 2016 until over two years later on July 18, 2018.

15. The late notice prejudiced Underwriters because they were prevented from assigning an on-site adjuster to contemporaneously investigate, observe, and advise Underwriters regarding the damage as it existed just after the claimed hail event.  The condition of the roof changed significantly between the time of the alleged hail storm and the date notice was finally given, making investigation of the existence and extent of the related damage, as well as existence and extent of any preexisting damage, nearly impossible.

16. Further, weather information shows that the area where the property is located was affected by numerous hail storms in the past several years.  As a result, Underwriters are prejudiced

because they cannot determine which of the hail storms caused the damage and whether the damage occurred before, during, or after the policy period.

17. Finally, the increase in the cost of repairs to the Property that resulted from Defendants' thirty-month delay in reporting the Loss has prejudiced Underwriters.

## ATTORNEYS' FEES

18. Underwriters incorporate by reference paragraphs 1-18 of this complaint.

19. Underwriters request recovery of their attorneys' fees and costs. 28 U.S.C. § 2202; Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001.

## PRAYER

20. For the foregoing reasons, Certain Underwriters at Lloyd's of London, Subscribing to Policy Number K15LS02510**,** ask for a judgment against Defendant declaring that there is no coverage payment owed under policy number K15LS02510 for the reported hail damage because Defendant violated the policy's notice condition and Underwriters suffered prejudice as a result. Underwriters also pray for the recovery of reasonable attorneys' fees and costs of court, as well as all other relief the Court deems appropriate.

Respectfully submitted,

HOLMAN FENWICK WILLAN USA LLP

By: /s/ *Gerard J. Kimmitt*
**Gerard J. Kimmitt, II** (attorney in charge)
State Bar of Texas No.: 11427500
Federal Identification. No.: 08454
jerry.kimmitt@hfw.com
**Kristie W. Tobin**
State Bar of Texas No.: 24033338
Federal Identification. No.: 37542
kristie.tobin@hfw.com
5151 San Felipe, Suite 400
Houston, Texas  77056
(713) 917-0888  Telephone
(713) 953-9470  Telefax

ATTORNEYS FOR PLAINTIFFS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON

5